**IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
PINE BLUFF DIVISION**

**FLOYD WAYNE CARTER**                                                  **PLAINTIFF**

**V.**                     **CASE NO.: 5:08CV00222 JMM/BD**

**ARKANSAS DEPARTMENT OF CORRECTION**              **DEFENDANT**

**RECOMMENDED DISPOSITION**

**I.**   **Procedure for Filing Objections:**

The following recommended disposition has been sent to United States District Judge James M. Moody. Any party may file written objections to this recommendation. Objections should be specific and should include the factual or legal basis for the objection. If the objection is to a factual finding, specifically identify that finding and the evidence that supports your objection. An original and one copy of your objections must be received in the office of the United States District Court Clerk no later than eleven (11) days from the date you receive the Recommended Disposition. A copy will be furnished to the opposing party. Failure to file timely objections may result in waiver of the right to appeal questions of fact.

Mail your objections and "Statement of Necessity" to:

> Clerk, United States District Court
> Eastern District of Arkansas
> 600 West Capitol Avenue, Suite A-149
> Little Rock, AR 72201-3325

**II.     Introduction:**

Plaintiff, an inmate housed in the Delta Regional Unit of the Arkansas Department of Correction ("ADC"), brings this action *pro se* under 42 U.S.C. § 1983 (docket entry #2), along with an Motion for Leave to Proceed *in Forma Pauperis* (#1).  For the following reasons, the Court recommends that the complaint be DISMISSED WITH PREJUDICE and that the Motion for Leave to Proceed *in Forma Pauperis* be DENIED as moot.

**III.    Screening:**

Federal courts are required to screen prisoner complaints seeking relief against a governmental entity, officer, or employee.  28 U.S.C. § 1915A.  The Court must dismiss a complaint or portion thereof it the prisoner has raised claims that:  (a) are legally frivolous or malicious; (b) fail to state a claim upon which relief may be granted; or (c) seek monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915A(b).

To state a cognizable claim under 42 U.S.C. § 1983, a plaintiff must allege that the conduct of a defendant acting under color of state law deprived him of a right, privilege, or immunity secured by the federal Constitution or laws of the United States.  42 U.S.C. § 1983.  While a court must accept the factual allegations in the complaint as true and hold a plaintiff's pro se complaint "to less stringent standards than formal pleadings drafted by lawyers," *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972) (*per curiam*), a plaintiff still must assert facts sufficient to state a claim as a matter of law.  *Martin v.*

*Sargent*, 780 F.2d 1334, 1337 (8th Cir. 1985). Even construing Plaintiff's complaint liberally, he fails to state a claim upon which relief may be granted.

## IV. Plaintiff's Allegations:

Plaintiff filed this action under 42 U.S.C. § 1983 seeking monetary damages. He named the ADC as the sole Defendant in this lawsuit. In the Complaint, Plaintiff alleges that it was raining outside and a skylight was leaking water into his cell and the hall. On the way back from the shower, Plaintiff slipped and fell because the officers escorting him did not have a proper hold on Plaintiff while he was handcuffed. Plaintiff states in a grievance that a porter had mopped up the leaked water, but that some water remained on the floor. Plaintiff also alleges that the ADC failed to put "wet floor" signs near the mopped area. He alleges that as a result of the officers' negligence, he suffered injuries to his shoulder and back. Plaintiff concedes that he has received appropriate medical treatment for his injuries and that "the medical staff have done their jobs perfectly."

The Court first notes that section 1983 authorizes suits against any "person" acting under color of state law who subjects a citizen to the deprivation of constitutional rights. The ADC, however, is not a person or entity subject to suit under § 1983. See *Will v. Michigan Dep't of State Police*, 491 U.S. 58, 65-66, 109 S.Ct. 2304, 2309 (1989) (a state is not "person" within the meaning of § 1983); *La Garza v. Kandiyohi County Jail*, 18 Fed.Appx. 436 (8th Cir. 2001) (unpub. table op.) (affirming dismissal of county jail on grounds that a jail is not an entity subject to suit under § 1983); *Powell v Cook County*

*Jail*, 814 F.Supp. 757 (N.D. Ill. 1993) (jail not subject to suit under § 1983); *Marsden v. Fed. Bureau of Prisons*, 856 F.Supp. 832, 836 (S.D.N.Y. 1994) ("jail is not an entity that is amendable to suit"); *Csizmadia v. Fauver*, 746 F.Supp. 483 (D.N.J. 1990) (New Jersey Department of Corrections was state agency, and thus was not "person" for purposes of § 1983); *Hale v. State of Ariz.*, 993 F.2d 1387 (9th Cir. 1993) *cert. denied*, 510 U.S. 946, 114 S.Ct. 386 (Nov. 1, 1993) (neither the Arizona Department of Corrections nor agency supervising its prison industries is an arm of the state, and thus neither entity is a "person" within meaning of § 1983).

Ordinarily, the Court would order Plaintiff to amend his complaint to name the individuals involved in the alleged negligence.  The alleged misconduct, however, fails to state a claim for relief, regardless of the named defendants.  Plaintiff seeks money damages under 42 U.S.C. § 1983 for alleged negligence by ADC employees.  Mere negligence does not state a claim for the deprivation of a constitutional right under § 1983.  *Daniels v. Williams*, 474 U.S. 327, 106 S.Ct. 662 (1986); *Davidson v. Cannon*, 474 U.S. 344, 106 S.Ct. 668 (1986).  Nor does a leaking skylight or wet floor raise a conditions-of-confinement claim.  "[O]nly those deprivations denying 'the minimal civilized measure of life's necessities' are sufficiently grave to form the basis of an Eighth Amendment violation." *Hudson v. McMillian*, 503 U.S. 1, 9, 112 S.Ct. 995, 1000 (1992) (quoting *Wilson v. Seiter*, 501 U.S. 294, 298, 111 S.Ct. 2321, 2324 (1991)).  Plaintiff's allegations fail to state a cognizable claim for a constitutional violation.

Accordingly, the Court recommends that this action be dismissed for failure to state a claim upon which relief can be granted.

V. **Conclusion**:

The Court recommends that the District Court dismiss this Complaint with prejudice. In addition, the Court recommends that this dismissal constitute a "strike" under 28 U.S.C. § 1915(g) of the PLRA, and that the District Court certify, under 28 U.S.C. § 1915(a)(3), that an appeal taken from this Order would be frivolous and could not be taken in good faith. The pending motion to proceed *in forma pauperis* should be denied as moot.

DATED this 18th day of August, 2008.

_____
UNITED STATES MAGISTRATE JUDGE